# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

## CHARLESTON  DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No.:  2:17-CR-556 |
| | ) | |
| vs. | ) | |
| | ) | **MOTION TO DISMISS** |
| Christopher Austin, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Defendant moves to dismiss Count 2 of the indictment.

## I.     Statement of Facts

On September 8, 2016, an agent of the Department of Natural Resources saw a pick up truck parked in a field in Dorchester County.  He approached the truck and noticed the Defendant sitting in the truck with a rifle pointing out the window.  He asked the Defendant what he was doing and he replied that he was hunting.  He did not have a hunting license.  A later search of the car found ephedrine/Pseudoephedrine, hunting guns and ammunition.

The Defendant was charged in count 1 with possessing pseudoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1).  He is charged in count 2 with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and in count 3 with being a felon in possession of the guns in violation of 18 U.S.C. § 922(g)(1).

**II.     Statement of Law**

Title 18 U.S.C. § 924(c) states:

> any person who, during and ***in relation*** to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, ***in furtherance*** of any such crime, possesses a firearm, shall

be sentenced to a term of imprisonment of not less than 5 years.     18 U.S.C. § 924(c)(1)(A)(emphasis added).

**A.     In Relation To**

To prove a violation under the "in relation to" element, the Government must prove that the firearm has "some purpose or effect with respect to the drug trafficking crime." *United States v. Lipford*, 203 F.3d 259, 266 (4th Cir. 2000).  The presence of the gun cannot be the result of accident or coincidence.  *Id.*  The firearm must facilitate the drug trafficking offense, which can be done if it is carried for protection or intimidation with respect to the drug trafficking crime.  *United States v. Mitchell,* 104 F.3d 649 (4th Cir. 1997).

The facts as alleged by the government is that the Defendant had drugs in his truck and intended to manufacture drugs.  There is no evidence that he was doing anything other than hunting or preparing to hunt.  There is no evidence that his hunting guns had anything to do with drugs and that they were there except by coincidence.

The Fourth Circuit in *Lipford* noted that there may be circumstances where the possession of a firearm is coincidental, and fails to meet the "in relation to" requirement.  In *United States v. Wilson*, 115 F.3d 1185 (4th Cir. 1997) the Court found that the gun was not in relation to drugs, when Wilson tried to sell both a gun and drugs to a confidential informant, but the informant only bought the gun.  The Court pointed out the sale of the firearm was a

2

completely independent, yet contemporaneous act. The Fourth Circuit, citing *Smith v. United States,* 508 U.S. 223, 113 S.Ct. 2050 (1993) noted that the phrase in relation to "means at a minimum that the firearm must have some purpose or effect with respect to the drug trafficking crime." *Wilson* at 1191.

The Defendant did not buy or sell guns or drugs in his car on September 8, 2016 and he wasn't manufacturing drugs or had the intent to do, so while he was hunting. His possession of hunting guns was not in relation to a drug trafficking offense, and was an independent and coincidental act that does not satisfy that element of § 924(c).

### B.     In Furtherance Of

To prove a violation of the § 924(c) under the "in furtherance of" component, the Government must show that the gun "furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). A gun might forward drug trafficking by defending the defendant's drugs, profits, or person, by serving as an enforcement mechanism, or as a visible deterrent. *United States v. Moore,* 769 F.3d 264, 270 (4th Cir. 2014). Factors that may be considered are the type of drug activity, accessibility of the gun, type of gun, whether it is stolen, whether the possession is legitimate, whether it is loaded, its proximity to drugs or profits, and the time and circumstances of how the gun is found. *Id*.

Clearly, the Defendant is out in the middle of a field with the intent to hunt. The guns he had were hunting guns. He was not carrying the hunting guns for the purpose of defending his drugs or himself. The type of guns, and where and how they were being used, was not connected to the drugs or the intent to manufacture drugs, and did not further any drug trafficking crime when the Defendant was in a field to hunt.

### III.    CONCLUSION

Neither element of § 924(c) is met by the undisputed facts of this case. The contemporaneous nature of drugs or the chemical used to make drugs, present in the truck at the time the Defendant is hunting, is mere happenstance. This does not give rise to the requirement that the guns were used on September 8, 2016 in the Defendant's truck, during and in relation to and in furtherance of a drug trafficking crime. The temporal relationship does not give rise to the symbiotic relationship necessary to support this charge.

Respectfully submitted,

*/s/ Ann Briks Walsh*
Assistant Federal Public Defender
145 King Street, Suite 325
Post Office Box 876
Charleston, SC 29402
Attorney ID# 5102

March 19, 2018

4